UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAMONE HAYNES,

    Petitioner,

v.

SIRCOYA M. WILLIAMS,

    Respondent.

Case No. 25-cv-03670-WHO (PR)

**ORDER TO SHOW CAUSE;**

**INSTRUCTIONS TO CLERK**

## INTRODUCTION

Petitioner Damone Haynes seeks federal habeas relief under 28 U.S.C. § 2254 from his California state convictions for murder and carjacking. The amended petition for such relief is now before me for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

The first amended petition states cognizable claims. Accordingly, on or before **February 2, 2026**, respondent shall file an answer or a dispositive motion in response to the amended habeas petition (Dkt. No. 10). The amended petition discloses that Haynes was convicted in 2021 and that the state supreme court issued its denial in 2023. (Am. Pet., Dkt. No. 10 at 1 and 3.) He filed the current petition two years later, in 2025, which is beyond the one-year filing limit imposed by AEDPA. If respondent concludes that this habeas action is untimely, she may wish to file a motion to dismiss the action on such grounds.

The Clerk shall enter Sircoya M. Williams, the warden of the prison in which petitioner is housed, as the sole respondent in this action. Williams is the sole proper respondent because she is the custodian having day-to-day control over petitioner, the only

person who can produce "the body" of the petitioner. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (quoting *Guerra v. Meese*, 786 F.2d 414, 416 (D.C. Cir. 1986)).

The filing fee has been paid. (Dkt. No. 5.)

## BACKGROUND

In 2021 Haynes was convicted by an Alameda County Superior Court jury of murder, carjacking, and possession of a firearm by a felon. *People v. Haynes*, No. A163965, 2023 WL 7968414, at *1 (Cal. Ct. App. Nov. 17, 2023). The jury also found true sentencing enhancements for personally and intentionally discharging a firearm causing death, personally using a firearm, and personally inflicting great bodily injury. *Id.* A sentence of 50 years to life was imposed. (Am. Pet., Dkt. No. 10 at 1.) His attempts at overturning his convictions in state court were unsuccessful. This federal habeas petition followed.

## DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, Haynes claims that (1) there was insufficient evidence to support his carjacking conviction, which means that this and his felony murder conviction cannot stand; and (2) his trial counsel rendered ineffective assistance. (Am. Pet., Dkt. No. 10 at 5; Dkt. No. 10-1 at 3-4.) When liberally construed, these claims are cognizable on federal habeas review.

Haynes apparently raised his ineffective assistance of counsel claim by way of a state habeas petition, which was denied by the state appellate court in an opinion separate from its direct appeal decision. *Haynes*, 2023 WL 7968414, at *1 n. 2. Haynes attached his petition for review to the state supreme court to his federal petition. It contains two claims not raised in the federal petition itself. <u>If Haynes means to include these two claims in his federal habeas action, he must file an amended petition within 30 days from the date of this Order indicating this</u>.

**CONCLUSION**

1. The Clerk shall serve electronically a copy of this Order upon the respondent and the respondent's attorney, the Attorney General of the State of California, at the following email addresses: SFAWTParalegals@doj.ca.gov and docketingsfawt@doj.ca.gov. The amended petition (Dkt. No. 10) and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. The Clerk shall serve by mail a copy of this Order on petitioner.

2. On or before **February 2, 2026**, respondent shall file with the Court and serve on petitioner, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within thirty (30) days of the date the answer is filed.

4. In lieu of an answer, respondent may file, on or before **February 2, 2026**, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within thirty (30) days of the date the motion is filed, and respondent shall

1 file with the Court and serve on petitioner a reply within fifteen (15) days of the date any
2 opposition is filed.

      5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

      6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

      7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

      8. The filing fee has been paid. (Dkt. No. 5.)

**IT IS SO ORDERED.**

**Dated:** September 23, 2025



_____
WILLIAM H. ORRICK
United States District Judge